UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| **NAUTILUS INSURANCE COMPANY,** | ) | |
| | ) | |
| **Plaintiffs** | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 2:05cv0030 AS |
| | ) | |
| **AMERICAN COMMUNITY** | ) | |
| **SERVICES, INC., Individually and/or** | ) | |
| **doing business as U-Gold Key, Inc.,** | ) | |
| **PHOENIX IMAGERY, INC.,** | ) | |
| **UNIFIED STARS, INC.,** | ) | |
| **SUN INSURANCE SERVICES, INC.,** | ) | |
| **SCIROCCO FINANCIAL GROUP,** | ) | |
| **INC.,** | ) | |
| **JOHN A. DAMIANI JR.,** | ) | |
| **JOSEPH W. COLE II,** | ) | |
| **CARLA B. COLE,** | ) | |
| **KIELE HAMBRICK,** | ) | |
| **DAVID REUTER, Individually and as** | ) | |
| **the Representative of the Estate of** | ) | |
| **Shirley Reuter,** | ) | |
| **JUSTIN L. CHRETIEN, and** | ) | |
| **UNIFIED PRODUCERS, INC.,** | ) | |
| | ) | |
| **Defendants** | ) | |

*MEMORANDUM, OPINION AND ORDER*

The original complaint in this case was filed in the Hammond division of this court on or about January 24, 2005, invoking this court's jurisdiction under 28 U.S.C. §1332. More specifically, the request is for a declaratory judgment with regard to the provisions of an insurance policy issued by Nautilus Insurance. To focus on the key issues here, it is

desirable to attach hereto and incorporate herein as Appendix "A" the second amended complaint filed on April 20, 2006. There is a wide array of motions for summary judgment and other motions included in the 156 items in this docket sheet down to the present. The focus here will be on the motions for summary judgment.

Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Celotex Corp v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Bragg v. Navistar Int'l Trans. Corp.*, 164 F.3d 373 (7th Cir. 1998). *Celotex* addressed the initial burdens of the parties under Rule 56, and *Anderson* addressed the standards under which the record is to be analyzed within the structure of Rule 56.

The initial burden is on the moving party to demonstrate, "with or without supporting affidavits," the absence of a genuine issue of material fact and that judgment as a matter of law should be granted in the moving party's favor. *Celotex*, 477 U.S. at 324 (quoting FED.R.CIV.P. 56); *Larimer v. Dayton Hudson Corp.*, 137 F.3d 497 (7th Cir. 1998). A question of material fact is a question which will be outcome determinative of an issue in the case. The Supreme Court has instructed that the facts material in a specific case shall be determined by the substantive law controlling the given case or issue. *Anderson*, 477 U.S. at 248. Once the moving party has met the initial burden, the opposing party must "go

beyond the pleadings" and "designate 'specific facts shows that there is a genuine [material] issue for trial.'" *Id.* The nonmoving party cannot rest on its pleadings, *Weicherding v. Riegel*, 160 F.3d 1139 (7th Cir. 1998); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918 (7th Cir. 1994);  nor may that party rely upon conclusory allegations in affidavits. *Smith v. Shawnee Library Sys.*, 60 F.3d 317, 320 (7th Cir. 1995).

During its summary judgment analysis, the court must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560 (7th Cir. 1996).  Furthermore, it is required to analyze summary judgment motions under the standard of proof relevant to the case or issue. *Anderson*, 477 U.S. at 252-55.  Applying the above standard, this Court addresses defendants' motion.

This court held a motions hearing and heard counsel in Lafayette, Indiana on April 17, 2006 in Lafayette, Indiana.  To sort through this massive record, there appears to be two essential issues that the court must and should consider at this time.

The first decision has to do with the appropriate choice of law under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938)[1].  First, it should be noted and remembered that there is no choice of law clause in the insurance policies in question.  It would seem that the there is some tilting in favor of this court sitting as it is in the State of Indiana in favor of the Indiana Choice of Law Rules.  *See Employers Ins. of Wausau v. Recticel Foam Corp.*, 716

---

[1] *See also Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487 (1941).

3

N.E. 2d 1015 (Ind. App. 1999), and *Hartford Acc. and Indem. Co. v. Dana Corp.*, 680 N.E. 2d 285 (Ind. App. 1997), as well as *Eby v. York-Division Borg Warner*, 455 N.E. 2d 623 (Ind. App. 1983), citing and relying on Restatement (Second) of Conflict of Laws Section 188 (1971). American Community Services Inc. Is an Indiana corporation with its principal place of business in Michigan City, Indiana, and most of the remaining defendants are so-called Shell Corporations with an Indiana registered agent.

The key factual event here appears to be the actions of ACS in an effort to procure and negotiate insurance on behalf of its Shell Corporations. All of that is enough to get this court to the substantive law of Indiana with regard to the key question about the contents of the insurance contract here. The teaching of *Cincinnati Insurance Co. v. Flanders Electric Motor Services, Inc.*, 40 F.3d 146 (7th Cir. 1994) applies. That case follows *Tate v. Secura Ins.,* 587 N.E. 2d 665 (Ind. 1992). Thus, under Indiana law, the interpretation of insurance policy contracts generally presents a question of law to be decided by the court. Such is the case here. Also generally, contracts of insurance are subject to the same rules of interpretation as other contracts. *See Eli Lilly & Co. v. Home Ins. Co.*, 482 N.E. 2d 467 (Ind. 1985). Specific reference needs to be made to the provisions of the insurance policy in question that is reflected in the second amended complaint recently filed in this case. Much attention is given here to the word "intentional" insurance policy. A wide array of Indiana decisions dealing with that language and insurance policy may be found. For example, *see Allstate Ins. Co. v. Herman*, 551 N.E. 2d 844 (Ind. 1990), and *Sans v. Monticello Ins. Co.*,

4

676 N.E. 2d 1099 (Ind. App. 1997).  This leads primarily to the essential question here as to whether claims for negligent hiring and negligent supervision constitute an "occurrence" in this insurance policy.  It appears that particular issue has been addressed by the Court of Appeals of Indiana in *Erie Insurance Co. v. American Painting Co.*, 678 N.E. 2d 844 (Ind. App. 1997).

Close attention needs to be given to the panel of the Court of Appeals of Indiana that decided and concurred in *Erie Ins. Co.*  The author of the opinion is Judge Riley, and it was concurred in by Judges Darden and Staton.  More recently, the issue has been revisited by the Court of Appeals of Indiana in *Jim Barna Log Systems Midwest, Inc. v. General Casualty Insurance Company of Wisconsin*, 791 N.E. 2d 816 (Ind. App. 2003), which reflects a very comprehensive opinion by Judge Sharpnack, concurred in fully by Judge Kirsch.  This court has taken the trouble to give close attention to the concurring opinion of Judge Sullivan found at 791 N.E. 2d 832-33.  Certainly Judge Sullivan is the senior active member of the Court of Appeals of Indiana with more than 3 decades of competent service. His reservations are entitled to respectful attention.  However,  when one begins to count judges on the Court of Appeals, as reflected in the *Erie* and *Jim Barna* decisions, it is perfectly clear that the majority opinion of Judge Riley and the majority opinion of Judge Sharpnack are reflective of what the law of Indiana is, and that law must be followed here.  In a slightly different context in another Court of Appeals of Indiana decision written by then Chief Judge Sharpnack, the reasoning and result is clearly compatible.  *See Smock v. American Equity Ins.*

5

*Co.*, 748 N.E. 2d 432 (Ind. App. 2001).  In addition to then Chief Judge Sharpnack, Judges Kirsch and Mattingly-May joined and concurred in *Smock*.  So the counting of the judges on the Indiana Court of Appeals goes on.

Thus, it appears that no coverage is afforded to ASC, GK, UPI, USA, and PI for claims arising out of the intentional acts of its "employees/contractors."  Although other U.S. district court opinions outside this circuit may not be binding precedents, they are worthy of respectful attention.  This is the case of a 2003 opinion in the Eastern District of Tennessee by the Honorable James H. Jarvis, a long-time, very experienced United States district judge dealing with a question of insurance coverage under the law of Indiana.  The entirety of the opinion by Judge Jarvis in *Certain Underwriters at Lloyds, London v. American Community Services, Inc.*, decided on August 5, 2003, and reflected in an extensive 29-page opinion, is a part of this record.

Judge Jarvis specifically relies on *Tate v. Secura Ins.*, 587 N.E. 2d 665 (Ind. 1992). The reasoning and result of Judge Jarvis parallels the decision announced here.  It is of some moment that he cited *United Nat. Ins. Co. v. Entertainment Group, Inc.*, 944 F.2d 210 (7th Cir. 1991) for applicability of Illinois law, but <u>not</u> Indiana law, and in that he was correct.

It is the belief here that the effort to have <u>this</u> insurance policy interpreted under Illinois rather than Indiana law is, to say the least, a stretch.  This plaintiff insurance company is entitled to have this policy interpreted as foreclosing coverage of the claims made here by the defendants in this case.  Summary judgment is now **GRANTED** in favor of the plaintiff

6

insurance company in that regard.  Judgment shall be entered accordingly with each party bearing its own costs.  **IT IS SO ORDERED**.

  **DATED:**  October 11, 2006

              **S/ ALLEN SHARP**
              **ALLEN SHARP, JUDGE**
              **UNITED STATES DISTRICT COURT**